USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 9/19/2024

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

CLINT ARTHUR,

                Plaintiff,

v.

ORCHESTRATE BUSINESS LLC
and RAFFI ANDONIAN,

                Defendants.

Case No. 1:24-cv-2985

Judge Margaret M. Garnett

~~[PROPOSED]~~ **PROTECTIVE ORDER**

---

The parties having agreed to the following terms of confidentiality, and the Court having found that good cause exists for issuance of an appropriately tailored confidentiality order governing the pre-trial phase of this action, it is therefore hereby:

**ORDERED** that any person subject to this Order—including without limitation the parties to this action, their representatives, agents, experts, consultants, all third parties providing discovery in this action, and all other interested persons with actual or constructive notice of this Order—shall adhere to the following terms, upon pain of contempt:

1. Any person subject to this Order who receives from any other person any "Discovery Material" (*i.e.*, information of any kind provided in discovery in this action) that is designated as "Confidential" or "Confidential – Attorneys' Eyes Only" (hereinafter, "Confidential Discovery Material") pursuant to the terms of this Order shall not disclose such Confidential Discovery Material to anyone else except as expressly permitted hereunder. Any party subject to the obligations of this Order who is determined by the Court to have violated its terms may be subject to sanctions imposed by the court under Rule 37 of the Federal Rules of Civil Procedure and the Court's inherent power.

2. The person producing any given Discovery Material may designate as Confidential:
   a. previously nondisclosed financial information (including without limitation profitability reports or estimates, percentage fees, design fees, royalty rates, minimum guarantee payments, sales reports, and sale margins);
   b. previously nondisclosed material relating to ownership or control of any non-public company;
   c. previously nondisclosed business plans, product development information, or marketing plans;

       d. any information of a personal or intimate nature regarding any individual; or

       e. any other category of information hereinafter given confidential status by the Court.

3. The person producing any given Discovery Material may designate as Confidential – Attorneys' Eyes Only:

       a. non-public highly sensitive business, technical, or personal information of the type typically protected by trade secret designation (including without limitation client identities or client lists); or

       b. information that is likely to cause significant harm to an individual, third party, or to the business or competitive position of the party or person producing the Discovery Material.

4. Other than deposition transcripts and exhibits, the producing person or that person's counsel may designate such Discovery Material as "Confidential" or "Confidential – Attorneys' Eyes Only" by stamping or otherwise clearly marking the Discovery Material as "Confidential" or "Confidential – Attorneys' Eyes Only" in a manner that will not interfere with legibility or audibility, and by also producing for future public use another copy of said Discovery Material with the confidential information redacted. With respect to deposition transcripts and exhibits, a producing person or that person's counsel may indicate on the record that a question calls for Confidential information, in which case the transcript of the designated testimony shall be bound in a separate volume and marked "Confidential Information Governed by Protective Order" or "Confidential – Attorneys' Eyes Only Information Governed by Protective Order" by the reporter.

5. If at any time prior to the trial of this action, a producing person realizes that some portion(s) of Discovery Material that that person previously produced without limitation should be designated as Confidential or Confidential – Attorneys' Eyes Only, he or she may so designate by so apprising all parties in writing, and such designated portion(s) of the Discovery Material will thereafter be treated as Confidential or Confidential – Attorneys' Eyes Only under the terms of this Order.

6. No person subject to this Order other than the producing person shall disclose any of the Discovery Material designated by the producing person as Confidential to any other person, except to:

       a. the parties to this action;

       b. counsel retained specifically for this action, including any paralegal, clerical and other assistant employed by such counsel and assigned to this matter;

       c. as to any document, its author, its addressee, and any other person indicated on the face of the document as having received a copy;

      d. any witness who counsel for a party in good faith believes may be called to testify at trial or deposition in this action, provided such person has first executed a Non-Disclosure Agreement in the form annexed as an Exhibit hereto;

      e. any person retained by a party to serve as an expert witness or otherwise provide specialized advice to counsel in connection with this action, provided such person has first executed a Non-Disclosure Agreement in the form annexed as an Exhibit hereto;

      f. stenographers engaged to transcribe depositions conducted in this action;

      g. the Court and its support personnel; and

      h. any other person with the prior written consent of the producing party.

7. No person subject to this Order other than the producing person shall disclose any of the Discovery Material designated by the producing person as Confidential – Attorneys' Eyes Only to any other person, except to:

      a. the receiving party's counsel retained specifically for, and appearing in, this action, and any paralegal, clerical and other assistant employed by such counsel and assigned to this matter;

      b. any outside expert or consultant and their staffs retained by the receiving party to assist in this action, provided that disclosure is only to the extent necessary to perform such work and provided that: (a) such expert or consultant has agreed to be bound by the provisions of this Order by signing a copy of the agreement attached hereto (b) such expert of consultant is not a current officer, director, or employee of a party; and (c) no unresolved objections to such disclosure exist after proper notice has been given to all parties;

      c. independent litigation support service, including persons working for or as court reporters, stenographers and videographers retained to record testimony in this action, graphics or design service, jury or trial consultant services, and photocopy, document imaging, and e-discovery and document database services retained by counsel and reasonably necessary to assist counsel with the litigation of this action;

      d. the Court and its support personnel; and

      e. any other person with the prior written consent of the producing party.

8. All Confidential Discovery Material filed with the Court, and all portions of pleadings, motions, or other papers filed with the Court that disclose such Confidential Discovery Material, shall be filed under seal and kept under seal until further order of the Court. The parties will use their best efforts to minimize such sealing. In any event, any party filing a motion or any other papers with the Court under seal shall also publicly file a redacted copy of the same, via the Court's

Electronic Case Filing system, that redacts only the Confidential Discovery Material itself, and not text that in no material way reveals the Confidential Discovery Material.

9. Any party who either objects to any designation of confidentiality, may at any time prior to the trial of this action serve upon counsel for the designating person a written notice stating with particularity the grounds of the objection. If agreement cannot be reached promptly, counsel for all affected persons will address their dispute to this Court in accordance with this Court's Individual Rules & Practices in Civil Cases.

10. All persons are hereby placed on notice that the Court is unlikely to seal or otherwise afford confidential treatment to any Discovery Material introduced in evidence at trial, even if such material has previously been sealed or designated as Confidential or Confidential – Attorneys' Eyes Only. The Court also retains unfettered discretion whether to afford confidential treatment to any Confidential Discovery Material or information contained in any Discovery Material submitted to the Court in connection with any motion, application, or proceeding that may result in an order and/or decision by the Court.

11. Each person who has access to Discovery Material that has been designated as Confidential or Confidential – Attorneys' Eyes Only shall take all due precautions to prevent the unauthorized or inadvertent disclosure of such material.

12. If, in connection with this litigation, a party inadvertently discloses information subject to a claim of attorney-client privilege or attorney-work-product protection ("Inadvertently Disclosed Information"), such disclosure shall not constitute or be deemed a waiver or forfeiture of any claim of privilege or work-product protection with respect to the Inadvertently Disclosed Information and its subject matter.

13. If a disclosing party makes a claim of inadvertent disclosure, the receiving party shall not thereafter review the Inadvertently Disclosed Information for any purpose, except by order of the Court. The receiving party shall, within five business days, return or destroy all copies of the Inadvertently Disclosed Information, and provide a certification of counsel that all such information has been returned or destroyed.

14. Within five business days of the notification that such Inadvertently Disclosed Information has been returned or destroyed, the disclosing party shall produce a privilege log with respect to the Inadvertently Disclosed Information.

15. As with any information redacted or withheld, the receiving party may seek an order from the Court compelling production of the Inadvertently Disclosed Information. The receiving party shall not assert as a ground for entering such an Order the fact or circumstances of the inadvertent production.

16. The disclosing party retains the burden of establishing the privileged or protected nature of any information. Nothing in this Order shall limit the right of any party to request an *in camera* review of the Inadvertently Disclosed Information.

17. This Protective Order shall survive the termination of the litigation. Within 30 days of the final disposition of this action, all Discovery Material designated as "Confidential" or "Confidential – Attorneys' Eyes Only," and all copies thereof, shall be promptly returned to the producing person, or, upon permission of the producing person, destroyed.

18. This Court shall retain jurisdiction over all persons subject to this Order to the extent necessary to enforce any obligations arising hereunder or to impose sanctions for any contempt thereof.

**SO STIPULATED AND AGREED.**

Dated: September 18, 2024

| GEARHART LAW LLC | FITCH, EVEN, TABIN & FLANNERY LLP |
|---|---|
| /s/ James Klobucar | /s/ Mary F. Fetsco |
| David Postolski (4218905) | Mark A. Borsos (IL 6277161) |
| Richard Gearhart (Admitted Pro Hac Vice) | (admitted *pro hac vice*) |
| James Klobucar (Admitted Pro Hac Vice) | mborsos@fitcheven.com |
| 41 River Road | Mary F. Fetsco (IL 6315338) |
| Summit, New Jersey 07901 | (admitted *pro hac vice*) |
| Tel: 908-273-0700 | mfetsco@fitcheven.com |
| Fax: 908-273-0711 | |
| david@gearhartlaw.com | 120 South LaSalle Street, Suite 2100 |
| rgearhart@gearhartlaw.com | Chicago, Illinois 60603 |
| james@gearhartlaw.com | Telephone: (312) 577-7000 |
| | Facsimile: (312) 577-7007 |
| *Attorneys for Plaintiff Clint Arthur* | *Attorneys for Defendants Orchestrate Business LLC and Raffi Andonian* |

**SO ORDERED.**

Date: 9/19/2024
**New York, New York**

**MARGARET M. GARNETT**
**United States District Judge**

5

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

CLINT ARTHUR

                    Plaintiff(s),

                    v.

RAFFI ANDONIAN, et al.

                    Defendant(s).

Case No. 1:24-cv-2985 (MMG)

<u>NON-DISCLOSURE AGREEMENT</u>

      I, _____, acknowledge that I have read and understand the Protective Order in this action governing the non-disclosure of those portions of Discovery Material that have been designated as Confidential or Confidential – Attorneys' Eyes Only (hereinafter, "Confidential Discovery Material").  I agree that I will not disclose such Confidential Discovery Material to anyone other than the persons identified in paragraph 6 (for Confidential information) or paragraph 7 (for Confidential – Attorneys' Eyes Only information) of the Protective Order, and only for purposes of this litigation, and that at the conclusion of the litigation, I will return all discovery information to the party or attorney from whom I received it.  By acknowledging these obligations under the Protective Order, I understand that I am submitting myself to the jurisdiction of the United States District Court for the Southern District of New York for the purpose of any issue or dispute arising hereunder, and that my willful violation of any term of the Protective Order could subject me to punishment for contempt of Court.

Dated: _____          _____