USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED:  10/17/2024

**FITCH EVEN**



Fitch, Even, Tabin & Flannery LLP
120 South LaSalle Street
Suite 2100
Chicago, Illinois 60603

312.577.7000
312.577.7007 fax
info@fitcheven.com
www.fitcheven.com

Mark A Borsos, Esq.
mborsos@fitcheven.com
312.629.7998

> Request GRANTED. Considering the pending motion to dismiss, and in light of the fact that discovery may need to be reopened on Defendants' potential counterclaims if the motion were to be denied, a complete stay of discovery is warranted. All remaining discovery is STAYED pending resolution of the motion to dismiss. The post-discovery conference scheduled for December 4, 2024 is ADJOURNED *sine die*. The Clerk of Court is directed to terminate Dkt. No. 34.
>
> SO ORDERED.  10/17/2024
>
> HON. MARGARET M. GARNETT, U.S. DISTRICT JUDGE

October 4, 2024

*Via CM/ECF*

Hon. Margaret M. Garnett
United States District Judge
U.S.D.C for the Southern District of New York
Thurgood Marshall United States Courthouse
40 Foley Square
New York, NY 10007

Re:     Letter Motion to Stay
        *Clint Arthur v. Orchestrate Business LLC and Raffi Andonian*
        Case No. 1:24-cv-2985

Dear Judge Garnett,

Defendants Orchestrate Business LLC and Raffi Andonian (collectively, "Defendants") respectfully submit this letter motion requesting a stay of discovery depositions and all future deadlines pending resolution of Defendants' Motion to Dismiss (ECF No. 24).  To be clear, Defendants do not seek to halt the final stage of written discovery. This Motion is justified based on a clear pattern of behavior showing that Plaintiff is simply attempting to outspend Defendants while Defendants' Motion to Dismiss is pending.[1] Counsel for Plaintiff was contacted regarding this Motion and refused to join or consent.

**Discovery Status.** To date, the Parties have served and responded to interrogatories, requests for production, and requests to admit. Additional requests have been served and responses are due on or before October 31, 2024. Counsel for Plaintiff and Defendants held a meet and confer on October 3 to discuss discovery issues, and both parties intend to supplement their responses. The Parties now stand in a position to take party depositions, noticed for October 21 and 22. Defendants have also provided notice of three non-party depositions that would take place October 23-30.

**Legal Standards.** A district court may stay discovery for "good cause" pursuant to Federal Rule of Civil Procedure 26(c). "Courts should consider multiple factors, including the breadth of discovery sought, the burden of responding to it, the prejudice that would result to the party opposing the stay, and the strength of the motion forming the basis of the request for stay."

---

[1] Prior to filing the Motion to Dismiss, Defendant formally served a notice and draft complaint for sanctions under Rule 11.

Hon. Margaret M. Garnett                                                    October 4, 2024
                                                                              Page 2


*Republic of Turkey v. Christie's, Inc.*, 316 F.Supp.3d 675, 677 (S.D.N.Y. 2018) (citations and quotation marks omitted). District courts have significant discretion to determine whether a stay of discovery is warranted. *See RBG Mgmt. Corp. v. Village Super Market, Inc.*, No. 22-cv-07996, 2023 WL 1996920, at *2 (S.D.N.Y. Jan. 24, 2023).

**The Breadth of Remaining Discovery, and the Burden on the Parties.** As shown by discovery thus far, Plaintiff is on a fishing expedition to find some sort of similarities (illegal or not) between his and Defendants' seminar programs while failing to answer even the most *basic* discovery requests. For example, Plaintiff asserts that he has no documents showing ownership of intellectual property, no documents identifying attendees of his own seminars, no documents evidencing payments made by any registrants of his seminars, no documents authored by Plaintiff relating to his seminars, no documents evidencing Defendants' purported bad faith, no documents evidencing Defendants acted solely to harm Plaintiff, no documents indicating clients would have signed up for Plaintiff's seminar but for Defendants' offering of a seminar, and so on. *See* Exhibit A hereto.

Plaintiff has substantively responded to just *three* of Defendants' 20 interrogatories, relying on Local Rule 33.3 to refuse to identify documents (not just contentions) such as "intellectual property owned by You… [including] all copyrights, trademarks, trade secrets, and patents" (Interrog. 1); "documents in Your possession prior to filing the Complaint that … led You to a good faith belief that Defendants wrongfully used Your confidential and proprietary information" (Interrog. 2); "any known evidence supporting Your contention that each individual would have signed up for Your seminar but for actions of Defendants" (Interrog. 4); and "any evidence in Your possession indicating that Defendants acted with malice in soliciting clients" (Interrog. 20). *See* Ex. B at pp. 3-14. These interrogatories are proper under Local Rule 33.3(b) as more practical than depositions (where Plaintiff can blame faulty memory or lack of access to documents in an attempt to avoid questioning).

Despite the rapidly approaching close of fact discovery, Plaintiff has also failed to identify the 4 clients that allegedly "directly stated that they would have signed up for Plaintiff's seminars if not for the Defendants' actions and Defendants' seminars" (Amended Complaint, ¶ 26), again hiding behind Local Rule 33.3 to claim that contention interrogatories are not allowed, and asserting that there are no documents showing this information. *See* Ex. A at pp. 13-14, Ex. B at pp. 5-6. Yet Local Rule 33.3(a) clearly permits interrogatories seeking "names of witnesses with knowledge of information relevant to the subject matter of the action." This alleged evidence is also necessary (but not sufficient) to Plaintiff's claims, and Defendants anticipate the need to depose those four individuals between October 23 and 31, bringing the deposition total to *ten* over the next 27 days.

Looking forward, this case is careening toward summary judgment – fact discovery closes October 31, Defendants must request a pre-motion conference on summary judgment by November 14, and an in-person post-fact discovery conference is already calendared for December 4. But Defendants have not yet even filed an Answer (or counterclaims). Should the Court deny Defendants' Motion to Dismiss, any counterclaims filed with Defendants' Answer will likely necessitate the reopening of discovery, including several duplicate deposition witnesses.

**Prejudice to Plaintiff.** Plaintiff will not be prejudiced by any delay in the taking of depositions. At the October 3 meet and confer, counsel for Plaintiff had not yet confirmed the availability of witnesses for deposition. The stay would also benefit Plaintiff, saving him from paying for counsel

Hon. Margaret M. Garnett                                                                October 4, 2024
                                                                                              Page 3


to needlessly prepare for and attend up to ten depositions and minimizing duplicative discovery costs. This factor weighs heavily in favor of a stay.

**Strength of Defendants' Motion to Dismiss.** As articulated in Defendants' Motion to Dismiss, Plaintiff relies on a wholly invalid non-compete provision that is unlimited in temporal and geographic scope, and does not further any legitimate business purpose. It is well-settled in New York that such a covenant is invalid on its face and *per se* unenforceable. *See, e.g., Elite Promotional Mktg., Inc. v. Stumacher*, 8 A.D.3d 525, 526 (2d Dep't 2004); *Pure Power Boot Camp, Inc. v. Warrior Fitness Boot Camp, LLC*, 813 F. Supp. 2d 489, 507 (S.D.N.Y. 2011); *see also* Defendants' Motion to Dismiss, ECF No. 24 at pp. 6-8. This defect is fatal to each and every count in Plaintiff's Amended Complaint.

Even Plaintiff's recent and improperly-filed Supplemental Memorandum (ECF No. 31) states that to survive a Rule 12(b)(6) motion, a complaint must "offer something 'more than an unadorned, the-defendant-unlawfully-harmed-me accusation.'" ECF No. 31 at pp. 2-3. But even after substantial discovery, Plaintiff has failed to plead substantive allegations, offering only a vague declaration from one man who states that he attended two of Plaintiff's seminars ten years apart (but does not plan to attend this year), and also states that he found unidentified "similar[ities]" in Plaintiff's and Defendants' websites and unspecified "overlap" in the seminar content. ECF No. 31, Ex. B. This is the epitome of vague and improper "the-defendant-harmed-me" pleading.

Plaintiff has not even *attempted* to plead a cognizable intellectual property claim. "Similarities" are actionable only if they relate to original creative elements that are unique to the owner of a registered copyright.[2] Copyright does not protect stock elements and themes, often termed *scenes à faire, i.e.* which are in the public domain. *See Abdin v. CBS Broad., Inc.*, 971 F.3d 57, 67 (2d Cir. 2020) (citation omitted). Bare conclusions that things are "similar" are not enough to survive a motion to dismiss. *Id.* at 72. Plaintiff's Supplemental Memorandum proves that he is grasping at straws while engaging in expensive discovery.

For all of the reasons above, Defendants respectfully ask this Court to stay discovery depositions and all future deadlines pending resolution of Defendants' Motion to Dismiss.

                                              Respectfully submitted,
                                              /s/ Mark A. Borsos
                                              Mark A. Borsos

---

[2] Full registration of a copyright, not just an application, is a prerequisite to enforcement in a district court. *Fourth Estate Public Corp v. Wall-Street.com, LLC*, 139 S. Ct. 881, 887-88, 892 (S. Ct. 2019).  Plaintiff has neither.